IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY L. SMITH, | No. C 08-04604 CW (PR) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION татод DISMISS |
| v. | |
| B. CURRY, Warden, | (Docket nos. 4, 5) |
| Respondent. | |

## INTRODUCTION

Petitioner Johnny L. Smith, a state prisoner incarcerated at the Correctional Training Facility, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings (Board).[1] In an Order dated June 16, 2009, the Court ordered Respondent to show cause why the petition should not be granted.

Respondent has filed a motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner opposes Respondent's motion to dismiss. Respondent has filed a reply to Petitioner's opposition. For the reasons discussed below, the Court GRANTS Respondent's motion to dismiss.

## PROCEDURAL BACKGROUND

In 1989, Petitioner was convicted of second degree murder. He was sentenced to a term of fifteen years to life in state prison. On December 14, 1994, the California Court of Appeal affirmed the conviction. Petitioner challenges the Board's denial of parole on

---

[1] The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a).

January 6, 2006.

The following facts are taken from Petitioner's opposition. Petitioner fails to attach any exhibits substantiating some of the dates below; the dates that are substantiated will be indicated as such.

Petitioner claims he filed his "first" state habeas petition in the Alameda County Superior Court on June 13, 2006. (Opp'n at 3.) On July 25, 2007, his mother went to "said Court house and received the notice that her sons [sic] Johnny Lee Smith's Writ of Habeas Corpus had been denied about 11 ½ months prior." (Id.) Thus, based on Petitioner's assertion, his first state habeas petition was denied on approximately August 15, 2006.

On August 30, 2007, Petitioner alleges "the Court exercised their power to permit Petitioner to re-submitted [sic] his Writ of Habeas to the Superior Court, . . . ." (Id.)

On August 30, 2007, Petitioner claims he filed his "second" state habeas petition in the Santa Clara County Superior Court.[2] (Id.) On December 10, 2007, because Santa Clara County was not the proper venue for habeas review, the Santa Clara County Superior Court transferred Petitioner's habeas petition to the Alameda County Superior Court.[3] (Reply, Ex. 1.) According to Petitioner, after the transfer, the Alameda County Superior Court denied his state hebeas petition "at the end of 2008." (Opp'n at 3.) However, Respondent has attached a copy of the Alameda County Superior Court's denial, which is dated December 14, 2007. (Mot.

---

[2] Respondent concedes that August 30, 2007 is the date on which Petitioner filed a state habeas petition in the Santa Clara County Superior Court. (Reply at 2.)

[3] The date of the transfer is substantiated by the transfer order. (Reply, Ex. 1.)

2

to Dismiss, Ex. 1.) The Alameda County Superior Court based its denial on grounds of untimeliness, noting:

> [T]he petition is untimely and petitioner has not demonstrated good cause for the delay of almost two years since the parole board's decision became final. In addition, petitioner has not explained why the petition is exempt from the timeliness requirements.

(Id.)

On February 6, 2008, Petitioner alleges, "the Sixth Appellate Court transferred his Writ to the First Appellate District being denied on 4/5/08."[4] (Opp'n at 3.) Petitioner filed his state habeas petition in the California Supreme Court on March 20, 2008.[5] His petition was denied on August 20, 2008. (Id. at 4.)

On September 24, 2008,[6] Petitioner filed the instant federal habeas petition. (Pet. at 1.)

## DISCUSSION

The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Prisoners challenging non-capital state

---

[4] There is nothing in the record indicating when Petitioner filed his state habeas petition in the appellate court.

[5] While Petitioner asserts that he filed his habeas petition in the state supreme court on May 20, 2008, the official website of the California Supreme Court indicates March 20, 2008 as the filing date.

[6] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). September 24, 2008 is the date the state petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing. For the purposes of this discussion, the Court deems that the petition was filed on that date.

convictions or sentences must file a petition within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented Petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

The AEDPA limitations period also applies when a prisoner is challenging an administrative decision such as the revocation of good time credit or denial of parole. Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003); Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004). However, administrative decisions are not governed by section 2244(d)(1)(A) because the word "judgment" in that section refers to a judgment of conviction and sentence, and the phrase "direct review" refers to the direct appellate review of that judgment. Id. at 1081. Instead, administrative decisions are governed by section 2244(d)(1)(D).

Section 2244(d)(1)(D) states that the limitations period to file a federal habeas petition will begin to run on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." When the petition is directed to a denial of parole, as here, the date the statute of limitations begins to run is determined under subsection (D) of 2244(d)(1), i.e., it is the date when the factual predicate

4

of the claim could have been discovered through the exercise of due diligence, and in parole cases that usually will be the date the parole denial became final. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when Board denied prisoner's administrative appeal challenging the Board's decision that he was unsuitable for parole).

Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitations period was sufficiently tolled under statutory and/or equitable principles. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002).

In this case, the Board's parole denial became final on January 6, 2006. (Pet., Ex. D at 50:23-24.) The limitations period began to run the following day, on January 7, 2006. Accordingly, Petitioner was required to file his federal habeas petition no later than January 7, 2007. See 28 U.S.C. § 2244(d). Therefore, his petition filed on September 24, 2008, more than one year and eight months after the limitations period had expired, is untimely absent either statutory or equitable tolling.

I.  Statutory Tolling

The present petition may be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. As noted earlier, AEDPA's one-year limitations period is tolled under § 2244(d)(2) for "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

28 U.S.C. § 2244(d)(2). The limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 223 (2002). In California, where prisoners generally use the state's original writ system,[7] this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of the next original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.

Here, Petitioner has the burden of proving that he filed his "first" state habeas petition in the Alameda County Superior Court on June 13, 2006 before the limitations period can be tolled under § 2244(d)(2). However, he did not attach any exhibits supporting his claim that he filed the 2006 petition. (Opp'n at 3.) The record supports Petitioner's allegation that the superior court considered his "second" habeas petition after it was transferred from the Santa Clara County Superior Court in 2007. In its December 14, 2007 denial, the Alameda County Superior Court based its decision on the fact that the petition was untimely and Petitioner had not demonstrated good cause for the delay of almost two years since the parole board's decision became final. (Mot. to

---

[7] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the appellate court. Id. If the appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. Id. at 1006 n.3.

6

Dismiss, Ex. 1.) There is no mention of a prior habeas action filed in the Alameda County Superior Court on June 13, 2006. Accordingly, Petitioner did not prove he filed the 2006 petition, and he has failed to meet his burden of proof under Smith.

Because Petitioner has failed to prove that the 2006 petition was filed, the limitations period ran unabated from January 6, 2006, the date the denial of parole was finalized, until it expired on January 6, 2007. A state habeas petition filed after the AEDPA's statute of limitations ended cannot toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. Accordingly, Petitioner's August 30, 2007 habeas petition filed in the Santa Clara Superior Court does not revive the limitations period that has already run. Petitioner does not present any grounds for equitable tolling during this period.

Even if Petitioner could prove that he filed the 2006 petition, his federal petition would still be untimely. Prior to June 13, 2006, the date Petitioner alleges he filed his "first" state petition, the limitations period ran unabated for a total of 157 days (from January 7, 2006 through June 13, 2006). Petitioner would have been entitled to statutory tolling during the two-month period during which his state habeas petition was pending in the Alameda County Superior Court. However, Petitioner would not have

been entitled to statutory tolling during the 380-day period between the Alameda County Superior Court's denial on December 14, 2007 and the filing of his "second" habeas petition in the Santa Clara County Superior Court on August 30, 2007. Nino concluded that the limitation period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition <u>at the next state appellate level</u>." Nino, 183 F.3d at 1005 (emphasis added). Petitioner alleges he filed two state habeas petitions at the state superior court level; therefore, there is no tolling of the limitations period during the gap between the two superior court state habeas petitions. Thus, the limitations period would have began to run the day after his "first" state habeas petition was denied on approximately August 15, 2006. Petitioner would have then had 208 days (365 days minus 157 days) to file his federal habeas petition before the limitations period would have expired on March 11, 2007. Petitioner's "second" state habeas petition filed in the Santa Clara Superior Court on August 30, 2007 would not have revived the limitations period because it had already run. See Ferguson, 321 F.3d at 823.

Petitioner was not eligible for statutory tolling during the time his state habeas petitions were pending in the state appellate and supreme courts because "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Thus, even if Petitioner had met his burden of proving that he

filed the 2006 petition, the present petition would still be untimely unless he showed he is entitled to equitable tolling.

## II. Equitable Tolling

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitation and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted)(brackets in original). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

As mentioned above, the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed,

9

"'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000)).

The grounds for granting equitable tolling are "highly fact dependant." Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005), amended, 447 F.3d 1165 (9th Cir. 2006).

To invoke equitable tolling, Petitioner would have the burden of proving that he is entitled to such tolling of the 208 days between August 15, 2006 (the date he claims his 2006 petition was denied) and July 25, 2007 (the date on which his mother allegedly discovered that the denial had been issued). (Opp'n at 3.) According to Petitioner, this 208-day period should be equitably tolled because after he filed his 2006 petition, "the Court failed to respond to written inquiries or send any kind of written notice as to the status of the 6/13/06 writ." (Opp'n at 3.) However, Petitioner fails to substantiate these alleged written inquiries in any manner. Furthermore, California law requires a state court to "rule on a petition for writ of habeas corpus within 60 days after the petition is filed." Cal. R. Ct. 4.551(a)(3)(A). Petitioner had constructive notice that he should have received a decision from the superior court on or about sixty days after he filed the 2006 petition. Accordingly, the limitations period would not be

10

equitably tolled, even if Petitioner could prove that he filed a first habeas petition in 2006.

Accordingly, the petition is dismissed because it was not timely filed under 28 U.S.C. § 2244(d)(1).

CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (docket no. 4) is GRANTED. The Clerk of the Court shall enter judgment in favor of Respondent, terminate as moot all pending motions, including Petitioner's motion entitled, "Motion of the Could Have Admit, Denials and Allegations to Petition of Habeas Corpus" (docket no. 5), and close the file.

This Order terminates Docket nos. 4 and 5.

IT IS SO ORDERED.

DATED: 2/23/10

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOHNNY L. SMITH,

        Plaintiff,

  v.

B. CURRY et al,

        Defendant.

Case Number: CV08-04604 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 23, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Johnny L. Smith E-20392
CTF Central
Soledad State Prison
P.O. Box 689
Soledad, CA 93960-0689

Dated: February 23, 2010

                      Richard W. Wieking, Clerk
                      By: Sheilah Cahill, Deputy Clerk